UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DERUYSCHER,

    Plaintiff,

CASE NO. 06-CV-15260

v.

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

MICHIGAN DEPARTMENT OF
CORRECTIONS HEALTH CARE,

    Defendant.
                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to demonstrate exhaustion of administrative remedies as required by the Prison Litigation Reform Act.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Robert Deruyscher is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Parr Highway Correctional Facility in Adrian, Michigan. On November 28, 2006, Plaintiff filed a *pro se* civil rights complaint alleging that he has received inadequate medical care in violation of the Eighth Amendment. U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. On December 11, 2006, Plaintiff's application to proceed without prepayment of fees was granted

pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Provisions**

This case is subject to screening under several provisions of the United State Code – one that applies to civil complaints filed by prisoners, 28 U.S.C. § 1915A,[1] and one that applies to civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[2] Pursuant to these statutes, as well as 42 U.S.C. § 1997e(c)(1),[3] the Court is to *sua sponte* dismiss a case before service on any defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

  (i)  is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).

### C.     Exhaustion Requirement

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. To administratively exhaust a § 1983 claim against a defendant, a prisoner must allege mistreatment or misconduct on the part of that specific defendant at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). In addition, the prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1822, 149 L.

Ed. 2d 958 (2001) (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Even where a prisoner receives no response to his Step I grievance or Step II appeal, he may not abandon the process, but must continue on through the final stage and submit a Step III appeal. *Poor v. Grayson*, 46 Fed. Appx. 825, 827 (6th Cir. 2002).

Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at each step regarding each claim he seeks to raise under § 1983, including all administrative responses received, up to and including the response to his Step III grievance appeal. "[I]n the absence of written documentation, [he must] describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

**D.     Discussion**

In this case, no grievance documentation was included with the complaint. However, Plaintiff states in the complaint that he submitted a Step I grievance (identifier number ATF-06-09-00953-12D1) that, at the time he filed this civil rights lawsuit, was "still pending at Step II level." (Compl., Dkt. 1 at iii.) The Sixth Circuit has unequivocally held that

> [t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88, 142 L. Ed. 2d 69 (1998). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished).

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Because Plaintiff did not complete the administrative remedy process prior to filing suit, I suggest that the case is subject to *sua sponte* dismissal without prejudice for failure to comply with 42 U.S.C. § 1997e(a), which is a

"mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                       s/ *Charles E. Binder*
                       CHARLES E. BINDER
Dated: December 13, 2006               United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report And Recommendation was electronically filed this date, served on Robert Deruyscher by first class mail, and served on Judge Ludington in the traditional manner.

Date: December 13, 2006          By  s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder