UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DERUYSCHER

                Plaintiff,

                                          Case Number 06-15260-BC
v.                                       Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS HEALTH CARE,

                Defendant.
_____ /

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION,
VACATING "ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND
DISMISSING CASE WITHOUT PREJUDICE,"  REOPENING CASE, AND
REFERRING MATER TO MAGISTRATE JUDGE**

On January 9, 2007, the Court issued an order adopting a report issued by Magistrate Judge Charles E. Binder on December 13, 2006 recommending that the plaintiff's case be dismissed *sua sponte* because he failed to attach evidence that he had exhausted administrative remedies at all three steps under MDOC Policy Directive 03.02.130.  The magistrate judge noted that the plaintiff had submitted no copies of any grievances with his complaint and stated only that his Step II grievance currently was pending before the prison authorities.

At the time the Court adopted the report and recommendation, Sixth Circuit case law interpreted the Prison Litigation Reform Act, 42 U.S.C. § 1997e, to require a prisoner to specifically attach evidence to his complaint of exhaustion at each step of the grievance process adopted by the state prison system.  *See Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000), *abrogated by Jones v. Bock*, ___U.S.___, 127 S.Ct. 910 (Jan. 22, 2007). Alternatively, a prisoner was required to plead with particularity what grievances he had filed and the outcome at each stage.  *Knuckles-El*,

215 F.3d at 642.

On January 29, 2007, the plaintiff filed what the Court has docketed and construed as a motion for reconsideration. The plaintiff intimates in his motion that he has submitted and appealed a Step III grievance. He also attaches a letter he sent to James Armstrong, manager of prisoner affairs, in Lansing, Michigan with the following caption: "RE: Reason for Appeal[;] Step III[;] ATF-06-09-00953-12D1." Under normal circumstances, the prisoner's letter would not satisfy the exhaustion requirement because although it suggests a Step III grievance was filed, it is unclear what result specifically obtained at that level. *See Knuckles-El v. Tombs*, 215 F.3d at 642.

However, on January 22, 2007, the Supreme Court dramatically altered the legal landscape with respect to exhaustion of administrative remedies in a prisoner civil rights suit, at least in this circuit. In *Jones*, the Court rejected the heightened pleading standard imposed by a minority of circuit courts of appeals, including the Sixth Circuit, and lower courts that imposed on prisoners an affirmative obligation to specifically plead exhaustion efforts and attach verifying documentation. The Supreme Court summarized its holding as follows:

> We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. We understand the reasons behind the decisions of some lower courts to impose a pleading requirement on plaintiffs in this context, but that effort cannot fairly be viewed as an interpretation of the PLRA. Whatever temptations the statesmanship of policy-making might wisely suggest, the judge's job is to construe the statute-not to make it better. The judge must not read in by way of creation, but instead abide by the duty of restraint, the humility of function as merely the translator of another's command. Given that the PLRA does not itself require plaintiffs to plead exhaustion, such a result must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.

*Jones*, ___U.S. at ___,127 S.Ct. at 921-922 (internal citations and quotation marks omitted).

Although the plaintiff does not make specific reference to *Jones*, his motion does challenge

his compliance with a now-questionable pleading requirement. The Court believes therefore that the plaintiff has identified a palpable defect that warrants reconsideration in light of this intervening change of law. *See* E.D. Mich. LR 7.1(g)(3). The Court will vacate its order adopting the magistrate judge's report and recommendation and refer the matter back to the magistrate judge for consideration of the case in light of *Jones* and in accordance with this Court's initial general case reference.

Accordingly, it is **ORDERED** that plaintiff's motion for reconsideration [dkt #10] is **GRANTED** and this Court's January 9, 2007 order adopting the magistrate judge's report and recommendation [dkt # 9] is **VACATED**.

It is further **ORDERED** that the plaintiff's case is **REOPENED**. The Clerk of Court is directed to restore the case to the active docket.

It is further **ORDERED** that the matter is **REFERRED** to the magistrate judge for consideration of the plaintiff's case in light of *Jones* and for any other proceeding consistent with this Court's original full case reference.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 13, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 13, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS