**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT DERUYSCHER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS HEALTHCARE,

    Defendant.
_____/

CASE NO. 06-CV-15260

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Robert Deruyscher is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Parr Highway Correctional Facility in Adrian, Michigan. On November 28, 2006, Plaintiff filed a *pro se* civil rights complaint alleging that he has received inadequate medical care in violation of the Eighth Amendment. U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. On December 11, 2006, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se*

complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), a Report and Recommendation (R&R) was filed on December 13, 2006, suggesting that the case be dismissed for failure to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). (Dkt. 7.) Over Plaintiff's objections, the R&R was adopted on January 9, 2007, and the case was dismissed.

On January 22, 2007, the United States Supreme Court decided the case of *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007), which significantly altered the procedure in this circuit for handling prisoner civil rights cases with respect to the exhaustion of administrative remedies. On January 29, 2007, Plaintiff filed a motion for reconsideration. (Dkt. 10). The motion was granted on February 13, 2007, the order adopting the R&R was vacated, and the case was returned to the undersigned for reconsideration in light of the new rules laid down by the Supreme Court. (Dkt. 11.) Having reconsidered the previous recommendation, I conclude that the case is again ready for Report and Recommendation.

### B. Exhaustion of Administrative Remedies

As stated in the first R&R, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983:

> The plain language of the statute makes exhaustion a **precondition to filing** an action in federal court ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88, 142 L. Ed. 2d 69 (1998). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished).

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (emphasis added).

In *Jones*, *supra*, the Court struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Id.* at 921. The Court was quick to point out, however, that this does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* FED. RULE CIV. PROC. 8(c). **Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.** *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added). *Accord Ghosh v. McClure,* No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").

**C.     Discussion**

In this case, Plaintiff states in his complaint that he submitted a Step I grievance (identifier number ATF-06-09-00953-12D1) to the MDOC regarding the issues he seeks to raise in this

3

lawsuit and that, at the time he filed this action, the grievance was "still pending at Step II level." (Compl., Dkt. 1 at iii.) This statement, I suggest, conclusively demonstrates that this lawsuit is barred by the PLRA's exhaustion requirement because Plaintiff's grievance was still proceeding through the MDOC's three-step grievance procedure during the pendency of this case. Pursuant to *Freeman, supra,* the complaint is subject to *sua sponte* dismissal for failure to state a claim even though failure to exhaust is an affirmative defense because, in this case, the affirmative defense appears on the face of the pleading and suffices to establish the existence of the defense. *Jones*, 127 S. Ct. at 920-21. Thus, serving the complaint on defendant and requiring the filing of a motion to dismiss for failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendant.

Accordingly, I suggest that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted because the complaint conclusively shows that Plaintiff failed to comply with the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) where he did not complete the grievance process prior to filing suit.[1]

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

---

[1] I note that Plaintiff filed two documents after the case was reopened: an affidavit in support of durable power of attorney regarding financial matters (Dkt. 12); and a supplemental brief alleging that he is still being denied proper medical care (Dkt. 13). Neither of these documents has been considered, however, because they are not relevant to the question of whether the complaint on its face states a claim, which this Court is required by statute to determine as an initial matter. *See* 28 U.S.C. § 1915A(a).

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                                s/ *Charles E. Binder*
                                                                    CHARLES E. BINDER
Dated: April 23, 2007                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report And Recommendation was electronically filed this date, and served on Robert Deruyscher by first class mail.

Date: April 23, 2007                         By    s/Jean L. Broucek
                                                                    Case Manager to Magistrate Judge Binder